### In re MILLER, a Minor Child.

[Cite as *In re Miller* (1997), 119 Ohio App.3d 52.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 96–CA–0048.

Decided April 4, 1997.

54

*Paul J. Kavanagh,* for appellant.

*Stephen Schumaker,* Prosecuting Attorney, and *William D. Hoffman,* Assistant Prosecuting Attorney, for appellee.

GRADY, Judge.

Wayne Miller appeals from an order of the juvenile court finding him delinquent and committing him to the Ohio Department of Youth Services.

Wayne Miller, a minor, was charged by complaint in Clark County Juvenile Court with being delinquent by reason of having committed the offense of rape. At his arraignment, Miller entered an admission to the charge. A dispositional hearing was subsequently held, at which the juvenile court committed Miller to the Ohio Department of Youth Services. This timely appeal by Miller followed.

Miller presents three assignments of error, alleging that the way in which these juvenile proceedings were conducted violated the rules of juvenile procedure, as well as his constitutional and statutory rights. Because these claims are somewhat interrelated and affect one another, we shall address them together.

*"First assignment of error*

The trial court erred by failing to adhere to the requirements of Juv.R. 29(B) and by denying Wayne Miller his right to counsel under the Due Process Clause of the United States Constitution, and Ohio Revised Code section 2151.352.

*"Second assignment of error*

The trial court erred by failing to adhere to the requirements of Juv.R. 29(D).

*"Third assignment of error*

"The juvenile court erred by failing to appoint a guardian ad litem who would effectively advance Wayne Miller's interest."

In his third assignment of error Wayne Miller argues that the juvenile court committed error by failing to appoint a guardian *ad litem* to protect his interests. On the record of this proceeding, we agree with Miller's contention and find the third assignment of error well taken.

R.C. 2151.281(A)(2) requires the juvenile court to appoint a guardian *ad litem* to protect the rights and interests of a child in a delinquency proceeding when the court finds a conflict of interest between the child and his parent or guardian. In this case, the only person who appeared on Wayne Miller's behalf at the adjudicatory proceeding was his mother, Mrs. Miller, who is also the mother of the nine-year-old girl Wayne was alleged to have raped.

The only statements that Mrs. Miller made at the adjudicatory proceeding were in response to the court's questions, and were to the effect that Wayne understood his legal rights, what he was doing, and the consequences of entering an admission to the rape charges. Mrs. Miller then attempted to show the court a picture of her daughter, the rape victim in this case.

Even accepting that Mrs. Miller was concerned for the welfare and safety of both of her children, the conflict between Wayne's interest and that of his mother is obvious. Under these particular circumstances, we cannot say with any degree of confidence that Mrs. Miller protected Wayne's interests.

By failing to appoint a guardian *ad litem* capable of assisting the court in ensuring that Wayne's constitutional and statutory rights were protected, the court failed to discharge its duty under R.C. 2151.281. This seems especially true in light of the fact that Wayne had no representation by counsel in these proceedings. *In re Johnson* (1995), 106 Ohio App.3d 38, 665 N.E.2d 247.

█ Miller argues in his first assignment of error that the juvenile court erred by failing to inquire and determine whether he waived his right to counsel. On the record before us, we find this argument to be well taken.

█ It is beyond question that due process of law affords a child the right to be represented by legal counsel at all stages in delinquency proceedings in juvenile court. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527; *In re Agler* (1969), 19 Ohio St.2d 70, 48 O.O.2d 85, 249 N.E.2d 808; R.C. 2151.352; Juv.R. 4(A), 29(B)(3) and (4). This right to counsel may be waived pursuant to Juv.R. 29. Because that choice involves the intentional abandonment of a known right, the record must demonstrate that the waiver was knowingly, intelligently and voluntarily made. *Gault, supra; In re Johnson, supra.*

█ At the beginning of the adjudicatory proceeding the juvenile court must inform unrepresented parties of their right to counsel, determine if those parties are waiving their right to counsel, and appoint counsel for an unrepresented party who does not waive that right. Juv.R. 29(B)(3) and (4). Before a court can satisfy itself and determine that a waiver of the right to counsel has been given knowingly, intelligently, and voluntarily, the court must make a sufficient inquiry which encompasses the totality of the circumstances, giving close scrutiny to factors such as the juvenile's age, emotional stability, mental capacity, and prior criminal experience. *Johnson, supra.*

In addressing a group of juveniles collectively before addressing Wayne Miller individually, the court did state on two occasions that if any child wished to discuss the matter with a lawyer before proceeding further, an opportunity to do so would be afforded the child. No specific mention was made of the right to appointment of counsel, however. When the court addressed Wayne personally, the court inquired only whether Wayne had heard and understood what the court had said earlier. Moreover, there was no specific colloquy between the court and Wayne in which the court inquired whether Wayne wished to waive his right to counsel. Rather, the court simply gave Wayne and his mother a "statement of rights and waiver form" to review and sign. At the top of the form is a paragraph advising the child of his right to be represented by counsel. At the bottom of that form is a sentence which indicates that the child understands his rights, waives his right to be represented by counsel, and admits the charged offense.

In view of the fact that no one appeared on behalf of Wayne at the adjudicatory proceedings who could adequately protect Wayne's rights and interests, the court's actions in this case simply do not portray an inquiry sufficient to enable the court to satisfy itself and conclude that Wayne desired to waive his right to counsel, and that his waiver was being made knowingly, intelligently, and voluntarily. *Johnson, supra.*

■ That brings us to Wayne's allied and final claim, set forth in his second assignment of error and in part in his first assignment, that in accepting his admission to the rape charges the juvenile court failed to comply with Juv.R. 29.

Juv.R. 29 provides in relevant part:

"(B) At the beginning of the hearing, the court shall do all of the following:

"(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

"* * *

"(D) The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

■ The purpose of Juv.R. 29(D) is to ensure that minors are afforded their due process right to fundamentally fair treatment in juvenile court proceedings. *In re Harris* (1995), 104 Ohio App.3d 324, 662 N.E.2d 34. Before accepting a minor's admission, the court must personally address the minor and determine that he or she is making the admission voluntarily, and that he or she understands the rights that are waived by entering an admission. Juv.R. 29(D). This procedure is somewhat analogous to the plea procedure mandated in adult felony criminal cases by Crim.R. 11(C)(2). *In re Fambro* (Mar. 28, 1997), Clark App. No. 96–CA–6, unreported, 1997 WL 165427.

Courts must comply with Juv.R. 29 in order to guarantee minors the fundamental fairness to which they are constitutionally entitled. *Johnson, supra.* The record of the adjudicatory proceeding fails to demonstrate compliance with the requirements of Juv.R. 29(B)(1). Counsel for appellee has not directed this court's attention to anything in the record which demonstrates that the juvenile court ascertained whether the notice requirements had been complied with and, if not, whether the affected parties waived compliance. Nor have we discovered

anything in our independent review of the record demonstrating compliance with this requirement.

Moreover, with respect to the court's obligation to determine that Wayne Miller understood that by entering an admission to the charges he was giving up his rights to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence in his own behalf, Juv.R. 29(D)(2), the court addressed the group of juveniles before it collectively on that subject as follows:

"If you admit the charge, it says you did it. That's saying, Judge, I did commit that. But it also means you don't want a trial. If you want to have a trial, we'll have a trial. At that trial, you would be innocent unless the State can prove you guilty beyond a reasonable doubt. You would have the right to testify if you wanted to, bring in your own witnesses, cross-examine the State's witnesses, be represented by a lawyer. So if you admit the charge, we won't have that trial. You're telling me, I don't need a trial to determine whether I did it or not. That's what it means to admit it. It says, I don't want a trial, I did that."

No such colloquy was repeated when the court addressed Wayne individually. Rather, the court summarily inquired whether Wayne had heard and understood what the court said previously. When Wayne indicated that he wanted to admit the rape charges, the court inquired of both Wayne and his mother if Wayne understood his rights and knew what he was doing. The court then provided Wayne and his mother with the "statement of rights and waiver form" to review and sign. While that form does advise the child of his rights as set forth in Juv.R. 29(D)(2), it does not specifically inform the child that by entering an admission to the charge the child is giving up those rights.

■ Pursuant to Juv.R. 29(D), the court has an obligation to address the child personally and conduct a discussion with respect to the rights which are being waived by entry of an admission to the charges before the court can satisfy itself and determine that the child's waiver of those rights is nothing less than knowingly and voluntarily made. As with an adult, the best method of achieving that goal is to use the language contained in Juv.R. 29(D), though carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission. *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. Absent that form of colloquy, substantial compliance with Juv.R. 29(D) must be clearly demonstrated. *Id.*

■ On the record before us, we cannot find that the trial court fulfilled its obligation under Juv.R. 29(D), particularly in view of the fact that Wayne Miller's interests and rights at this proceeding were not protected by either counsel or a guardian *ad litem.* The failure to comply, at least substantially, with the

requirements of Juv.R. 29(D), constitutes reversible error. *In re Jenkins* (1995), 101 Ohio App.3d 177, 655 N.E.2d 238; *In re Christopher R.* (1995), 101 Ohio App.3d 245, 655 N.E.2d 280.

Wayne Miller's assignments of error are all well taken. The judgment of the juvenile court is reversed, and the case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

FREDERICK N. YOUNG, P.J., and FAIN, J., concur.