**In re ROYAL, a Minor Child.**

[Cite as *In re Royal* (1999), 132 Ohio App.3d 496.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 CA 45.

Decided March 1, 1999.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Janice T. O'Halloran,* Assistant Prosecuting Attorney, for appellee.

*Christina Lane,* for appellant.

WAITE, Judge.

This timely appeal arises from a juvenile court adjudication and disposition finding appellant delinquent, revoking his probation, and committing him to the Department of Youth Services. Appellant argues that he was denied due process at adjudication and disposition and that his admission was entered involuntarily and unknowingly. For the following reasons, this court reverses the adjudication and disposition and remands the matter to the lower court.

On September 8, 1995, a complaint was filed against the thirteen-year-old appellant, alleging that he committed misdemeanor assault in violation of R.C. 2903.13(A) and robbery in violation of R.C. 2913.01, an aggravated felony of the second degree if committed by an adult. The October 20, 1995 judgment entry indicated that appellant entered an admission to the robbery offense with his attorney and his mother present. The entry also noted that appellant had been on probation for the past three years with little progress. The court adjudicated appellant delinquent, sentenced him to a suspended commitment to the Department of Youth Services for a minimum period of one year, and placed him in an intensive probationary program. The court dismissed the assault charge.

On December 7, 1995, another complaint was filed against appellant, now age fourteen, charging him with receiving stolen property in violation of R.C. 2913.51, a felony of the third degree if committed by an adult, and failure to comply with the order or signal of a police officer in violation of R.C. 2921.331, a misdemeanor of the first degree if committed by an adult. On December 12, 1995, the juvenile court held an adjudication on these charges with the magistrate, appellant, appellant's mother and appellant's probation officer present.

The magistrate's decision and judgment entry issued on December 21, 1995, reflected that the magistrate advised appellant of " * * * all procedural and constitutional rights, including the right to counsel and a continuance herein * * * " and that appellant " * * * asserts said rights and ADMITS the allegations * * * " of the complaint. The magistrate accepted appellant's admission to the charges and set a date for the dispositional hearing. The magistrate attached a waiver form to the entry that stated in boilerplate language that the magistrate advised appellant of a list of rights, including the charges, possible dispositions, and the right to counsel and appointed counsel if indigent. The form also contained a statement confirming that the court satisfied itself that the juvenile understood his rights and wished to waive those rights. The magistrate checked an area on this form indicating that appellant waived his right to counsel and waived any service defect, entered a plea of guilty to both counts, and acknowl-

edged that he received a copy of the complaint. The waiver form contained the signatures of the magistrate, appellant, and appellant's mother.

The court scheduled a dispositional hearing for January 10, 1996, but continued the hearing due to the absence of appellant's mother. On January 11, 1996, the court held the disposition with appellant, appellant's mother, and appellant's probation officer present. At that time, the court summarily reviewed with appellant the substance of the adjudicatory hearing and appellant's waiver of rights and admission to the charges. Appellant also indicated that he had no questions or doubts in entering his admission.

On January 17, 1996, the court issued a judgment entry finding that appellant's admission was voluntarily and intelligently made. The court then imposed a commitment of a minimum period of six months on the receiving stolen property charge. The court also reimposed the previously suspended commitment to the Department of Youth Services for a minimum of one year on the prior robbery charge and ordered the commitments to run consecutively. Appellant filed a timely appeal.

Before addressing appellant's assignments of error, it should be noted that no transcript of the adjudicatory hearing exists because Juv.R. 37 in effect at the time of the instant case stated that a complete record would be made in all juvenile proceedings upon request of a party or upon the court's own motion. Neither appellant nor the court requested a record prior to or during the adjudicatory hearing. Effective July 1, 1996, Juv.R. 37 now requires that a record be made in all juvenile adjudicatory and dispositional proceedings without request.

We will address appellant's first two assignments of error together as they contain a common factual review. Appellant argues:

"Appellant Daniel Royal was denied his right to counsel under the Due Process Clause of the United States Constitution, Article I, Section 16 of the Ohio Constitution, R.C. 2151.352, and Ohio Juvenile Rules 4 and 29.

"The trial court erred when it accepted Daniel's admission to the charges of receiving stolen property and failure to comply because Daniel's plea was not knowing and voluntary under the Fourteenth Amendment to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, and Juv.R. 29."

Appellant asserts in his first assignment that the United States Constitution, Juv.R. 4, and Juv.R. 29 entitle juveniles to the same constitutional right to counsel as adults and that the juvenile court must thus undertake the same efforts to ensure that juveniles waive this right voluntarily, knowingly, and intelligently and demonstrate this affirmatively on the record. Appellant con-

tends that neither the judgment entry of adjudication, the dispositional transcript, nor the judgment entry affirmatively shows that he understood and waived the right to counsel in such a manner.

In his second assignment, appellant contends that he entered an involuntary and unknowing admission to the charges before him because the court failed to comply with Juv.R. 29(B) and again failed to affirmatively show on the record that it personally and adequately informed him of his rights and ensured that he made the admission voluntarily, knowingly, and intelligently. Appellant argues that the lack of a transcript of the adjudication is insufficient to presume that the waiver and plea were valid.

In the watershed case of *In re Gault* (1967), 387 U.S. 1, 41, 87 S.Ct. 1428, 1451–1452, 18 L.Ed.2d 527, 553–554, the United States Supreme Court granted juveniles at the adjudicatory stage facing possible commitment many of the constitutional rights enjoyed by their adult counterparts, including the right to counsel and appointed counsel if indigent. Both R.C. 2151.352 and Juv.R. 4(A) provide that a child is entitled to legal counsel in juvenile proceedings. Juv.R. 29(B) mandates that a court advise the juvenile of the following upon commencement of the adjudicatory hearing:

"Advisement and findings at the commencement of the hearing. At the beginning of the hearing, the court shall do all of the following:

"(1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;

"(2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;

"(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;

"(4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel;

"(5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."

■ The rights dialogue of Juv.R. 29(B) is mandatory and a trial court commits reversible error in failing to advise a juvenile of these constitutional

protections. *In re Kimble* (1996), 114 Ohio App.3d 136, 140, 682 N.E.2d 1066, 1068, citing *In re Smith* (1991), 77 Ohio App.3d 1, 601 N.E.2d 45.

■ A juvenile may waive the right to counsel in most proceedings with permission of the court. Juv.R. 3. However, before permitting a waiver of counsel, the court has a duty to make an inquiry to determine that the relinquishment is of "a fully known right" and is voluntarily, knowingly, and intelligently made. *Gault,* 387 U.S. at 42, 87 S.Ct. at 1452, 18 L.Ed.2d at 554; *In re Nation* (1989), 61 Ohio App.3d 763, 765, 573 N.E.2d 1155, 1156, citing *State v. Gibson* (1967), 45 Ohio St.2d 366, 377, 74 O.O.2d 525, 531, 345 N.E.2d 399, 406. In *Nation,* the court applied the holding in *Von Moltke v. Gillies* to establish the inquiry that a court must make in light of the presumption against waiver of a constitutional right to counsel:

" ' * * * [A] judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." 61 Ohio App.3d at 765–766, 573 N.E.2d at 1156–1157, quoting *Von Moltke* (1948), 332 U.S. 708, 723–724, 68 S.Ct. 316, 323–324, 92 L.Ed. 309, 320–321.

It has also been held that before satisfying itself that a juvenile has made a voluntary, knowing, and intelligent waiver of counsel, a court must make an inquiry that encompasses the totality of the circumstances, including the age of the juvenile, his emotional stability, mental capacity, and prior criminal experience. *In re Miller* (1997), 119 Ohio App.3d 52, 56, 694 N.E.2d 500, 502–503, citing *In re Johnson* (1995), 106 Ohio App.3d 38, 665 N.E.2d 247.

Juv.R. 29(D) provides that a court must carefully inquire of a juvenile before accepting an admission to an offense. The rule states:

"The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

"(1) The party is making the admission voluntarily with understanding of the nature of the allegation and the consequences of the admission;

"(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

■ Juv.R. 29(D) is somewhat analogous to Crim.R. 11(C)(2) in that both require that a trial court personally address the defendant on the record with respect to the areas set forth in the rules. *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238, 239. A juvenile court need only substantially comply with the mandates of Juv.R. 29(D) before accepting a juvenile's admission. *In re Brooks* (1996), 112 Ohio App.3d 54, 57, 677 N.E.2d 1229, 1231, citing *In re Christopher R.* (1995), 101 Ohio App.3d 245, 248, 655 N.E.2d 280, 282.

■■ The best method for obtaining compliance with Juv.R. 29(D) is for a court to use the language of the rule, " * * * carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." *In re Miller*, 119 Ohio App.3d at 58, 694 N.E.2d at 504, citing *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115. If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor " ' * * * may plead anew.' " *In re Christopher R.*, 101 Ohio App.3d at 248, 655 N.E.2d at 282, quoting *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292, C–910404, unreported, 1992 WL 5843.

In the instant case, we find the record insufficient to show a valid waiver of counsel and admission and find that the court failed to comply with Juv.R. 29(B) and also failed to substantially comply with Juv.R. 29(D).

■ The magistrate's judgment entry only indicates a finding that "[s]ubject child, after first being advised of all procedural and constitutional rights, including the right to counsel and a continuance herein, asserts said rights and ADMITS the allegations as they appear in the complaint." This statement implies that appellant is *asserting* and not waiving his constitutional rights, including the right to counsel. Further, the entry does not indicate if appellant was informed of the right to appointed counsel if indigent and whether the magistrate inquired about notice requirements pursuant to Juv.R. 29(B)(1) or informed appellant of the purpose of the hearing and other requirements of Juv.R. 29(B)(2). Additionally, nothing in the entry indicates that appellant waived his right to counsel or entered his admission voluntarily, knowingly, and intelligently.

■ Further, the waiver form is merely a boilerplate document listing some of the rights of the child, including the right to counsel and the right to appointed counsel if indigent. The form states that the "subject child" was advised of enumerated rights by the court and that "subject child was asked if he/she understood all of the above rights, and satisfied this Court that he/she did * * *." The magistrate then checked the space to indicate that appellant waived his right to counsel and defects in the summons and entered a plea to the counts with

which he was charged. The form is signed by appellant, his mother, and the magistrate. The form does not indicate that any meaningful dialogue occurred between appellant and the magistrate regarding the right to counsel and appointed counsel and does not indicate how appellant satisfied the court that he understood his rights, waived them, and entered an admission voluntarily, knowingly, and intelligently. A waiver form is not a valid substitute for the court's duty to personally address the juvenile. *In re Flynn* (1995), 101 Ohio App.3d 778, 783, 656 N.E.2d 737, 740, citing *State v. Luhrs* (1990), 69 Ohio App.3d 731, 735, 591 N.E.2d 1251, 1253–1254; *State v. Thomas* (1990), 67 Ohio App.3d 127, 132, 586 N.E.2d 198, 201.

■ Additionally, the transcript of the dispositional hearing indicates only a limited colloquy between appellant and the juvenile court regarding his rights and admission. The court asked appellant if he recalled the rights explained to him at the adjudicatory hearing, including the right to counsel, the right to trial, and the possible dispositions resulting from his admission. Appellant responded "Um-hum." The court reiterated the possible dispositions for each charge. The court asked appellant if he had any questions about his plea or any doubt or hesitancy in entering the plea. Appellant responded, "No, sir." The court asked appellant if there was any reason why it should not accept his admission to the offenses and appellant responded, "No, sir." The court further asked appellant and his mother if they had any comments or questions regarding the proceeding or the admission. Appellant's mother responded in the negative and appellant thanked the court for the previous opportunities that had been given him. The court's limited inquiry and appellant's limited responses are insufficient to establish an affirmative showing of a valid waiver and admission.

■ The January 17, 1996 judgment entry of disposition is also insufficient because it merely stated that "[u]pon inquiry, the Court finds said plea was entered voluntarily and intelligently and the Court accepts the same and affirms the decision submitted by the Magistrate. The Court enters a delinquency finding and proceeded with disposition as scheduled." It does not indicate that a dialogue was had regarding an explanation of the right to counsel or how the court satisfied itself that appellant waived this right and admitted the offenses voluntarily, knowingly, and intelligently.

■ The only reference to show compliance with any part of Juv.R. 29(D)(2) is in the dispositional hearing transcript when the court told appellant that he was advised at the adjudicatory hearing of his right to a trial. This is insufficient to find substantial compliance, however, because we cannot presume that a fourteen-year-old boy " * * * would infer that a trial encompasses the right to

challenge the witnesses and evidence against him." See *In re Hendrickson* (1996), 114 Ohio App.3d 290, 293, 683 N.E.2d 76, 79.

Appellee cites *In re East* (1995), 105 Ohio App.3d 221, 663 N.E.2d 983, for support for its argument that we should presume regularity in the lower court proceedings because appellant failed to request a recording of the adjudication proceedings, as was his burden under Juv.R. 37 in effect at the time. Appellee asserts that the record was not silent because the waiver form supported waiver and admission and the presence of appellant's mother ensured voluntariness. While we normally presume regularity in lower court proceedings in the absence of a transcript, *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385–386, we feel that the instant case does not warrant such a presumption because the fourteen-year-old appellant was unrepresented by counsel and nothing in the record indicates that the court complied with Juv.R. 29(B)(5) by informing appellant of his rights if he waived counsel, including the right to request a transcript of any of the proceedings. Further, we distinguish the instant case from *East*, as that case involved a seventeen-year-old boy, while appellant in the present case was only fourteen years old. Additionally, the journal entry in *East* affirmatively indicated that the juvenile court explained the Juv.R. 29 rights to the juvenile, while no such indication can be found in the instant case. We find this particularly significant because failure to comply with Juv.R. 29(B) constitutes reversible error. Additionally, we hold that the presence of appellant's mother at the hearing does not provide dispositive proof that appellant waived his right to counsel voluntarily, knowingly, and intelligently.

Further, by finding that appellant involuntarily and unknowingly waived his right to counsel, we cannot find that he then entered an admission voluntarily and knowingly. Therefore, appellant's first and second assignments of error are sustained.

In his third assignment of error, appellant asserts:

"The trial court erred when it revoked Daniel's probation without notice or a hearing. This error was a violation of Daniel's right to due process under the Fourteenth Amendment to the United States Constitution Article One, Section Sixteen of the Ohio Constitution, R.C. 2151.38(B)(2)(c)."

Appellant argues that the juvenile court failed to comply with Juv.R. 35 and his constitutional right to due process because it failed to provide him with the required notice of a probation violation and failed to conduct a probation violation hearing comporting with due process. Appellant also contends that the court failed to comply with Juv.R. 35(B) because it failed to make a finding of a probation violation.

Juv.R. 35(B) provides:

"The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. * * * Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified."

Although the constitutional rights granted a juvenile are qualified because minors are always in "some form of custody," the United States Supreme Court has held that the Due Process Clause protects juveniles. *Schall v. Martin* (1984), 467 U.S. 253, 265, 268, 104 S.Ct. 2403, 2410, 2412, 81 L.Ed.2d 207, 217–218, 219–220. Juv.R. 35(B) recognizes a juvenile's due process rights through its requirements. *In re Davis* (Sept. 8, 1998), Warren App. No. CA97–12–016, unreported, 1998 WL 568679. However, Juv.R. 35(B) does not specify what constitutes compliance with these due process protections. Appellant and appellee present contrary variations of the extent of due process afforded a juvenile under Juv.R. 35(B).

Although both parties present supporting authority as to whether a juvenile is afforded the same formal constitutional protections as an adult, we need not decide the issue in order to sustain appellant's assignment of error because the record fails to show that the juvenile court complied with even the minimally required procedures specified in Juv.R. 35(B). In neither the transcript of the dispositional hearing, the docket, nor the judgment entry of disposition is a probation violation mentioned, nor does the court inform appellant of the condition of probation that he is alleged to have violated. Nor does the court make a finding that appellant violated a probation condition. We agree with *In re Edwards* that the court commits error in failing to comply with Juv.R. 35(B) when it does not follow these requirements. (1996), 117 Ohio App.3d 108, 112, 690 N.E.2d 22, 24–25.

Appellee cites *In re Collins* (Sept. 27, 1995), Medina App. No. 2365–M, unreported, 1995 WL 569116, for support that no rule or statute requires that the court inform a represented juvenile of the obvious, that is, if he is found guilty of violating his probation, then a previously suspended sentence could be reinstated. However, that case differs from the instant case, for in *Collins,* the juvenile was represented by counsel and the court informed the juvenile of the probation violation and conducted a hearing on the violation. In the instant hearing, appellant lacked counsel, and the court did not inform appellant of the probation condition that he allegedly had violated. Further, the judgment entry did not mention a finding of probation revocation, but only that a prior suspended commitment could be reimposed.

Appellee further contends that the court possessed authority to revoke appellant's probation and reimpose the suspended commitment without notice under R.C. 2151.011(B)(34), which defines probation as a legal status created by court order whereby the child is permitted to remain with his parents, subject to supervision, and "returned to the court for violation of probation *at any time* during the period of probation." (Emphasis added.) Appellee also seeks support for the court's revocation under the authority of R.C. 2151.355(A)(22) when appellant admitted the new charges. That section provides that upon a juvenile court's finding of delinquency of a minor, the court may make a number of dispositions, including that which it finds proper.

While we agree that a juvenile court may impose a previously suspended commitment under R.C. 2151.355(A)(22) as a further disposition when it is proper and consistent with the purposes of the Juvenile Rules, the court must nonetheless comply with Juv.R. 35(B) before doing so to give the minor notice as to why a previously suspended commitment is ordered reinstituted. This was not done. Appellant was not provided with the grounds for revocation and no finding was made of a probation violation at hearing or in a judgment entry.

For the foregoing reasons, we find that the assignments of error advanced by appellant are meritorious. Accordingly, the trial court judgment is reversed and remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GENE DONOFRIO, P.J., and COX, J., concur.