This appeal is brought on behalf of Appellant Phillip Richardson, a minor, from a judgment of the Court of Common Pleas of Auglaize County, Juvenile Division, adjudicating him delinquent for committing acts which if committed by an adult would constitute the crimes of burglary and assault, and also for acts of underage consumption and probation violations. Other charges levied against Richardson were dismissed pursuant to a plea bargain. Following a hearing on disposition, the juvenile court committed Richardson to the Ohio Department of Youth Services for a minimun term of one year to a maximum term not to exceed Richardson's attainment of age 21. Richardson was also ordered to pay restitition, fines, and court costs.
Appellant now appeals the juvenile court's decision, asserting the following sole assignment of error:
 The trial court committed reversible error by accepting an admission before determining that the admission was knowing, voluntary and intelligent, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section Sixteen of the Ohio Constitution and Juvenile Rule 29.
Appellant contends that the trial court erred in failing to engage him in any meaningful colloquy prior to accepting his admission to the charged offenses. Thus, Appellant claims he was unaware of the consitutional rights he was waiving and that his admission was not entered knowingly, voluntarily, and intelligently.
In In Re Gault (1967), 387 U.S. 1, 13, the Supreme Court held that the Fourteenth Amendment's due process clause applies to juveniles as well as adults. Pursuant to Ohio's Juv.R. 29(D), due process in the context of an admission requires that the court personally address the minor and determine that he or she is making the admission voluntarily, and that he or she understands the rights that are waived by entering the admission. In re Miller (1997), 119 Ohio App.3d 52, 57. Juv.R. 29(D) states:
 (D) The * * * court * * * shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
The record in this case reveals that Appellant indeed made a knowing and voluntary waiver of his constitutional rights when, following a detailed colloquy with the court, he entered his admission to the charges. The transcript of the adjudication hearing establishes that the court appraised Appellant of the nature of the charges against him, and of the possible the dispositional options available to the court if the court found Appellant to be delinquent. The court advised Appellant of his right to a trial wherein the State would have the burden of proving his guilt on all charges beyond a reasonable doubt. He was advised of his right to present evidence and call witnesses on his behalf, to cross-examine State's witnesses, and to testify on his own behalf, although the court informed Appellant that he could not be compelled to do so. The court stopped after each right and asked Appellant whether he understood the right as expressed. Appellant indicated he understood each right and that he was aware that he was waiving these rights by entering an admission. We also note that Appellant was represented by counsel when he entered his admission. The record clearly demonstrates that the trial court complied with the requirements of Juv.R. 29 and supports the conclusion that Appellant's admission was entered knowingly, intelligently and voluntarily. Consequently, Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.