DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Drew Manns ("Manns"), appeals a delinquency adjudication and dispositional order from the Juvenile Division of the Lorain County Court of Common Pleas. The juvenile court found that Manns committed an act, which, if committed by an adult, would constitute a theft, felony of the fourth degree, in violation of R.C. 2913.02(A). For the reasons that follow, we reverse and remand this case to the juvenile court for further proceedings consistent with this opinion.
 I.
The complaint against Manns stems from his alleged participation in the theft of a motor vehicle and resisting arrest. On April 13, 2001, the juvenile court entered a denial on Manns' behalf. Manns' adjudication hearing took place before a juvenile magistrate on April 17, 2001. At his adjudication hearing, Manns admitted to the two charges listed in the complaint and the juvenile court adjudicated him delinquent. The record reflects that Manns was not represented by counsel at his adjudication hearing.
On May 25, 2001, the juvenile court conducted Manns' dispositional hearing. The juvenile court committed Manns to the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to exceed his twenty-first birthday. The record reflects that Manns was represented by counsel at his dispositional hearing.
This appeal followed. Manns' three assignments of error will be considered together for ease of discussion.
 II. ASSIGNMENT OF ERROR NO. 1: The trial court violated Drew Manns' right to counsel and due process under the fifth, sixth, and fourteenth amendments to the united states constitution, article I, section 16 of the ohio constitution, ohio revised code section 2151.352 and juvenile Rules 4 and 29.
 ASSIGNMENT OF ERROR NO. 2: Drew Manns' admission to the charge of grand theft of a motor vehicle was not knowing, intelligent, and voluntary, in violation of the fifth and fourteenth amendments to the united states constitution, article I, sections 10 and 16 of the ohio constitution, and juv.R. 29.
 ASSIGNMENT OF ERROR NO. 3: Drew Manns was denied his constitutional right to effective assistance of counsel at his dispositional hearing under the sixth and fourteenth amendments to the united states constitution AND Article i, sections 10
and 16 of the ohio constitution, R.C. 2151.352 and Juv.R. 4(A), and 29(B) when his attorney provided no advocacy on his behalf.
Manns asserts in his first assignment of error that the United States Constitution, Juv.R. 4, and Juv.R. 29 entitle juveniles to the same constitutional right to counsel as adults and that the juvenile court must thus undertake the same efforts to ensure that juveniles waive this right voluntarily, knowingly and intelligently and demonstrate this affirmatively on the record. Manns contends that the record fails to affirmatively show that he understood and waived the right to counsel in such a manner. In his second assignment of error, Manns contends that he entered an involuntary and unknowing admission to the charges before him because the court failed to comply with Juv.R. 29(B) and again failed to affirmatively show on the record that it personally and adequately informed him of his rights and ensured that he made the admission voluntarily, knowingly and intelligently.[1]
In In re Gault (1967), 387 U.S. 1, 41, 18 L.Ed.2d 527, 554, the United States Supreme Court granted juveniles at the adjudicatory stage facing possible commitment many of the constitutional rights enjoyed by their adult counterparts, including the right to counsel and appointed counsel if indigent. Both R.C. 2151.352 and Juv.R. 4(A) provide that a child is entitled to legal counsel in juvenile proceedings. Juv.R. 29(B) mandates that a court advise the juvenile of the following upon commencement of the adjudicatory hearing:
 Advisement and findings at the commencement of the hearing. At the beginning of the hearing, the court shall do all of the following:
 (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv. R. 4(A) who does not waive the right to counsel;
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent.
The rights dialogue of Juv.R. 29(B) is mandatory and a trial court commits reversible error in failing to advise a juvenile of these constitutional protections. In re Kimble (1996), 114 Ohio App.3d 136,140.
A juvenile may waive the right to counsel in most proceedings with permission of the court. Juv.R. 3. However, before permitting a waiver of counsel, the court has a duty to make an inquiry to determine that the relinquishment is of "a fully known right" and is voluntarily, knowingly and intelligently made. In re Gault, 387 U.S. at 42, 18 L.Ed.2d at 554. To establish the inquiry that a court must make in light of the presumption against waiver of a constitutional right to counsel:
 a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
In re Nation (1989), 61 Ohio App.3d 763, 765-766, quoting Von Moltke v.Gillies (1948), 332 U.S. 708, 723-724, 92 L.Ed. 309, 320. To satisfy itself that a juvenile has made a voluntary, knowing and intelligent waiver of counsel, a court must make an inquiry that encompasses the totality of the circumstances, including the age of the juvenile, his emotional stability, mental capacity and prior criminal experience. In reMiller (1997), 119 Ohio App.3d 52, 56.
Juv.R. 29(D) provides that a court must carefully inquire of a juvenile before accepting an admission to an offense. The rule states:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
Juv.R. 29(D) is somewhat analogous to Crim.R. 11(C)(2) in that both require a trial court to personally address the defendant on the record with respect to the areas set forth in the rules. In re Jenkins (1995),101 Ohio App.3d 177, 179. A juvenile court need only substantially comply with the mandates of Juv.R. 29(D) before accepting a juvenile's admission. In re Brooks (1996), 112 Ohio App.3d 54, 57.
The best method for obtaining compliance with Juv.R. 29(D) is for a court to use the language of the rule, "carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." In re Miller, 119 Ohio App.3d at 58. If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "may plead anew." In re Christopher R. (1995), 101 Ohio App.3d 245, 248.
In the instant case, we find the record insufficient to show a valid waiver of counsel and acceptance of admission. We further find that the court failed to comply with Juv.R. 29(B) and also failed to substantially comply with Juv.R. 29(D). Manns' first and second assignments of error are sustained. Our disposition of the first and second assignments of error render the third assignment of error moot. Having sustained Manns' first and second assignments of error, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion and Juv.R. 29.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Please, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
CARR, J. CONCUR
[1] On appeal, the State concedes that the trial court did not obtain a valid waiver of counsel and that Manns' admissions were invalid based on this error.