JOURNAL ENTRY AND OPINION
Timothy Holcomb appeals from a judgment of the juvenile court adjudicating him to be delinquent and committing him to the custody of the Ohio Department of Youth Services. On appeal, Holcomb argues that the court erred in accepting his admissions because it failed to substantially comply with the requirements of Juv.R. 29(D). After careful review of the record, we have concluded that the court did not substantially comply with Juv.R. 29(D)(1), and, in particular, failed to determine if Holcomb fully understood the consequences of his admissions. Accordingly, we vacate Holcomb's admissions, reverse the judgment of the juvenile court, and remand this matter for further proceedings.
On November 8, 2000, fifteen-year-old Timothy Holcomb and his brother Daniel broke into Emerson Middle School, located at 13439 Clifton Boulevard in Lakewood, Ohio, vandalized school property, including musical instruments and audio-visual equipment, and stole several other items, including watches, keys, and radios.
On November 12, 2000, Patrolman Morley of the Lakewood Police Department filed a juvenile complaint against Holcomb, charging him with breaking and entering, vandalism, and theft. At a pre-trial hearing held on that day, Holcomb denied these charges.
However, at an adjudicatory hearing conducted on November 27, 2000, Holcomb admitted all three charges. The court accepted his admissions and found him to be delinquent, but continued final disposition for another hearing; during the interim, the court ordered him to home detention with electronic monitoring.
On February 13, 2002, after discussing a subsequent trespassing charge against Holcomb, the court committed him to the custody of the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to exceed his twenty-first birthday.
Holcomb now appeals, raising one assignment of error for our review. It states:
 TIMOTHY HOLCOMB'S ADMISSION TO THE CHARGES OF BREAKING AND ENTERING, VANDALISM, AND THEFT WERE NOT KNOWING, INTELLIGENT, AND VOLUNTARY, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, AND JUV.R. 29.
Holcomb claims that the juvenile court failed to substantially comply with Juv.R. 29(D) prior to accepting his admissions, urging that the court's colloquy failed to satisfy every requirement of that rule. Among other faults, he complains that the court did not inform him that it could commit him to the Ohio Department of Youth Services for a minimum term of six months or until his twenty-first birthday. The state contends that the court substantially complied with Juv.R. 29, and "adequately" explained to Holcomb that commitment to the Ohio Department of Youth Services could be a potential consequence of his admissions.
Juvenile Rule 29(D) provides:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admissions;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
"In order to satisfy the requirements of this rule, the court must address the youth personally and conduct an on-the-record discussion to determine whether the admission is being entered knowingly and voluntarily." In re West (1998), 128 Ohio App.3d 356, 359, 714 N.E.2d 988. Although strict compliance with Juv.R. 29(D) is not required, courts must substantially comply with the procedures specified therein. In reGoolsby (Apr. 19, 2001), Cuyahoga App. Nos. 78014 and 78015, unreported, citing In re Terrance P. (1998), 129 Ohio App.3d 418, 425, 717 N.E.2d 1160;In re Taylor (June 8, 2000), Cuyahoga App. No. 76429, unreported.
In the case of In re Royal (1999), 132 Ohio App.3d 496, 725 N.E.2d 685, the court stated:
 The best method for obtaining compliance with Juv.R. 29(D) is for a court to use the language of the rule, "* * * carefully tailored to the child's level of understanding, stopping after each right and asking whether the child understands the right and knows that he is waiving it by entering an admission." In re Miller, 119 Ohio App.3d at 58, citing State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. If the juvenile court fails to substantially comply with Juv.R. 29(D), the adjudication must be reversed so that the minor "* * * may plead anew." In re Christopher R., 101 Ohio App.3d at 248, quoting In re Meyer, 1992 Ohio App. LEXIS 109 (Jan. 15, 1992), Hamilton App. Nos. C-910292, C-910404, unreported. (Emphasis added.)
In that case, the Clark County Juvenile
Holcomb first argues that the juvenile court failed to personallyaddress him because it intermingled the acceptance of his plea with that of his brother, Daniel. In support of this argument, Holcomb cites In reMiller (1997), 119 Ohio App.3d 52, 694 N.E.2d 500. There the court addressed a group of juveniles collectively before addressing Miller; then, the court merely asked Miller if he heard and understood what it had previously said to the other juveniles. The Second Appellate District vacated Miller's admissions, concluded that this did not satisfy Juv.R. 29(D)(1)'s requirement that the court address each party personally.
However, Miller is distinguishable from this case; here, the juvenile court individually addressed Holcomb and his brother throughout its Juv.R. 29(D) colloquy. (Tr. 3-5.)
Holcomb also claims that the trial court failed determine if he made his admissions voluntarily. However, at Tr. 5, the following exchange took place between the juvenile court and Holcomb:
 THE COURT: All right. Either of you under the influence of any alcohol or drugs that would cloud your judgment in this matter? Timothy?
TIMOTHY HOLCOMB: No, sir.
THE COURT: Daniel?
DANIEL HOLCOMB? No.
 THE COURT: Anybody make any promises or threats to force either of you to admit? Daniel?
DANIEL HOLCOMB: No.
THE COURT: Timothy?
TIMOTHY HOLCOMB: No, sir.
This portion of the court's colloquy demonstrates that Holcomb voluntarily made his admissions.
Likewise, we reject Holcomb's contention that the court failed to determine if he understood the charges against him. The transcript reveals that the state read the charges into the record at Tr. 3, and then provided a detailed summary of the evidence against Holcomb at Tr. 5-6.
In addition, we reject Holcomb's contention that the court failed to determine that Holcomb understood the rights he would be waiving by entering his admissions. The record reveals that the court made the following inquiries at Tr. 3-4
 THE COURT: I need to go over something with both of you. I need to understand that you — or, I need to know that you understand what you're doing when you're admitting. When you admit to charges, you give up certain rights. You give up your right to have a trial, to be about to cross-examine the witnesses that the state would bring to testify. You give up your right to challenge the evidence the state will present. You give up your right to have witnesses testify for you. You give up your right to remain silent on the adjudication phase, that is the state that we're at right now. And you effectively give up your right to appeal; it's awfully hard to go downtown to the Court of Appeals and say you should not have been found delinquent when you admitted to the charges.
 Do both of you understand that? Timothy, do you understand that?
TIMOTHY HOLCOMB: Yes, sir.
We are persuaded, however, by Holcomb's argument that the court failed to substantially comply with Juv.R. 29(D)(1) because it failed to determine if he understood the consequences of his admissions. In this regard, the court stated:
 THE COURT: Do you both understand that if you admit, I will accept your admissions; I will adjudge you to be delinquent. And once I adjudge you delinquent, then we have to take a look at the disposition or sentencing options that I have, and those should have been explained to you at the arraignments. On charges like this, the a [sic] sentence could include everything from probation all the way up to fines and court costs, and even a commitment to the Ohio Department of Youth Services. Do both of you understand that? Timothy? (Emphasis added.)
TIMOTHY: Yes, sir.
(Tr. 4-5.)
At no point prior to accepting Holcomb's admissions did the trial court explain or determine if Holcomb understood the minimum or maximum term of commitment to the Ohio Department of Youth Services.
Our court has previously considered this kind of situation in the case of In re Keck (Aug. 14, 1997), Cuyahoga App. No. 71074, unreported, where we stated:
 * * * [W]e are of the opinion that there is no compliance with Juv.R. 29(D)(1) when the trial court, prior to accepting an admission, fails to personally inform a juvenile defendant of the potential penalties associated with the offense giving rise to the allegations of delinquency * * *.
In another analogous case, In re Hendrickson (1996), 114 Ohio App.3d 290,293, 683 N.E.2d 76, the Second Appellate District noted the following at page 293:
 The critical issue, then, is whether Judge Monnin's colloquy demonstrates substantial compliance with the requirements of Juv.R. 29(D). Based upon our review of the hearing transcript, we conclude that it does not. In particular, we find troubling the judge's failure to provide Hendrickson with any information concerning the possible sentence the court could impose. We recognize that, unlike Crim.R. 11(C)(2), Juv.R. 29(D) does not expressly require the court to inform a juvenile of the maximum penalty he faces. Nevertheless, Juv.R. 29(D) does require the court to convey the "consequences" of the juvenile's admission.
 Neither party cites, nor can this court locate, any cases construing the term "consequences" as used in Juv.R. 29(D). In our view, however, the potential for commitment to the Ohio Department of Youth Services for a period of one to six years is a significant consequence that the judge should have mentioned to Hendrickson. Indeed, in the eyes of a fifteen-year-old male * * *, the possibility of a lengthy commitment well may be the most important consequence imaginable. Consequently, we hold that Juv.R. 29(D)(1) and the rudiments of due process required the trial court to apprise Hendrickson, at least briefly, of its dispositional options.
Here, although the court informed Holcomb that "a sentence could include * * * even a commitment to the Ohio Department of Youth Services," it failed to inform him about the minimum or maximum length of that commitment, and it failed to detail the amount of fine it would impose. (Tr. 4.) Rather, the court should have explained the commitment options and fines to Holcomb and should have satisfied itself that Holcomb understood those consequences of his admission.
Based upon the foregoing, we have determined that the trial court failed to substantially comply with Juv.R. 29(D)(1). Accordingly, we vacate Holcomb's admissions, reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
Judgment reversed. Matter remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P. J. and JAMES D. SWEENEY, J. CONCUR.