OPINION
This is an accelerated calendar appeal submitted to this court on the briefs of the parties. Appellant, Kenneth Schreiber, appeals from the judgment of the Juvenile Division of the Ashtabula County Court of Common Pleas revoking his probation from a prior conviction. For the reasons that follow, we affirm the judgment of the juvenile court.
The following facts are relevant to this appeal. On December 31, 1997, a complaint was filed in the juvenile court alleging that appellant had committed the crime of importuning, a violation of R.C. 2907.07. On February 12, 1998, the juvenile court held an adjudicatory hearing pursuant to Juv.R. 29 to determine the merits of the charge. Appellant was present at the hearing and represented by counsel.
After all of the evidence was presented, the court entered a finding of True to the charge and proceeded with the dispositional phase of the hearing. The court also noted that appellant was on probation from a previous offense. In light of the fact that appellant was already on probation, the state requested that the juvenile court impose the suspended sentence. Although no probation violation report had been filed with respect to the previous case, the juvenile court found that appellant had violated the terms of his probation and imposed the suspended sentence. Appellant perfected a timely appeal and asserts one assignment of error for our consideration:
 "The trial court erred by revoking appellant's probation and committing him to the custody of the Department of Youth Services."
According to appellant, the juvenile court's revocation of probation violated Juv.R. 35 because appellant did not receive notice prior to the new adjudicatory hearing that his probation could be revoked as a result of the importuning charge. Furthermore, appellant also argues that because no probation violation had been filed, the only issue properly before the juvenile court was the adjudication and disposition of the alleged charge. We disagree.
Due process of law requires that in a juvenile delinquency proceeding where the juvenile may be committed to a state institution, many, if not most, of the rights afforded to adult criminal defendants should be provided to the juvenile.In re Gault (1967), 387 U.S. 1, 30. However, a juvenile proceeding is fundamentally different from those involving adults because the state has a parens patriae interest in the welfare of the child. In re Davis (Sept. 8, 1998), Warren App. No. CA97-12-016, unreported, at 2, 1998 WL 568679, citingSantosky v. Kramer (1982), 455 U.S. 745,766. A juvenile's rights are qualified because "juveniles, unlike adults, are always in some form of custody." Schall v. Martin (1984),467 U.S. 253, 265.
Juv.R. 35(B) provides that:
 "The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified." (Emphasis added.)
While Juv.R. 35(B) recognizes a juvenile's due process rights, it does not specify what constitutes compliance with the aforementioned protections. In re Royal (Mar. 1, 1999), Mahoning App. No. 96 CA 45, unreported, at 18, 1999 Ohio App. LEXIS 854.
Appellant argues that the juvenile court failed to comply with Juv.R. 35 because it did not provide him with notice before the new adjudicatory hearing that either the probation department or the state intended to request that the juvenile court revoke his probation. He contends that Juv.R. 35(B) clearly indicates that a juvenile offender must be given written or oral notice that revocation of probation will be sought. Minimally, appellant believes that there must be some prehearing or precursory notification procedure before a juvenile's probation may be revoked.
Appellant cites no authority, and this court is unaware of any, to support the proposition that Juv.R. 35(B) requires that a juvenile offender be notified prior to any adjudication hearing on a new charge that his probation may be revoked if he is found true/guilty. Presuming appellant was adequately informed per Juv.R. 34(C) of the terms of his probation at the time it was imposed, nothing in Juv.R. 35(B) implies that a juvenile must be informed or notified prior to the new adjudication that a probation revocation could also result. In re Davis at 2, citingIn re John Collins (Sept. 27, 1995), Medina App. No. 2364-M, unreported, 1995 WL 569116.
Instead, Juv.R. 35(B) requires that the juvenile court hold a hearing and that the juvenile must be present at the hearing and must be "apprised" of the grounds on which such action is proposed. Further, at such time the juvenile must be made aware of the condition of probation which he violated. Upon review of the record, it is apparent that appellant had to be aware that he had just been convicted of a new crime and that any such conviction violated his probation terms. If per chance he was not, the court specifically informed him of that state of affairs during the dispositional hearing. Thus, the court complied with the above procedures.
After finding appellant guilty of importuning, the juvenile court asked appellant's counsel if she wished to proceed with the disposition of the case after appellant was found to have committed a criminal act. Juv.R. 29(F)(2) provides in part that "[u]pon the determination of the issues, the court shall * * * (2) [i]f the allegations of the complaint are admitted or proved * * * (a) [e]nter an adjudication and proceed forthwith to disposition or; (b) [e]nter an adjudication and continue the matter fordisposition * * *." (Emphasis added.)
Appellant's counsel explicitly waived this opportunity to request a continuance and agreed to proceed with the disposition at that time.[1] Upon the request of the prosecutor, the trial court indicated that instead of imposing a new sentence for the importuning adjudication, he would revoke appellant's probation on the earlier charge.
Appellant's counsel protested the failure of the prosecution to file a probation violation report or to otherwise provide notice to her client of the possibility of revocation. Her objections were overruled, and the trial court proceeded to revoke appellant's probation.
The record shows that the juvenile court complied with the requirement that a hearing be conducted as part of a probation revocation. Under Juv.R. 2(O), a hearing is "any portion of a juvenile court proceeding before the court, whether summary in nature or by examination of witnesses." This clearly includes a revocation as well as a dispositional hearing. Moreover, unlike adjudicatory and dispositional hearings in abuse, neglect or dependency proceedings, there is no authority which prevents the two phases from being combined if due process concerns are met. Appellant's counsel was, in fact, able to present evidence in mitigation.
Moreover, counsel does not now argue that somehow the conviction on the new charge has been invalidated by the revocation. Instead, the argument seems to be that only the maximum sentence for the new conviction could have been imposed. Frankly, even if we were to have found merit in appellant's assignment, there would be nothing to prevent the prosecutor from revisiting the issue of the probation revocation at a later time.
This is not an instance where appellant entered a plea and got blindsided with the probation revocation. When one is tried and found true or guilty, there are no promises to be kept by the prosecution. Further, there is no claim that appellant was unaware or misled as to his probationary status. In the briefing, appellant's counsel claims that she checked to see if a probation revocation had been filed. Usually, a pretrial hearing provides the opportunity to determine if an existing probation status is a factor which needs to be evaluated as part of the decision to go to trial.[2]
As to the second requirement, appellant was present at the hearing with his attorney during the trial of the new charge. It can hardly be argued that he was unaware of the grounds on which his probation was revoked. Furthermore, appellant does not claim that he was not fully aware of the effect that a new conviction could have on his probation.
Finally, there is no argument as to whether appellant was aware of the probation condition he violated. Juv.R. 34(C) requires that a juvenile be supplied with a written copy of the conditions of his probation. Nothing in the record indicates that this provision was not complied with. One of the conditions of appellant's probation was that he obey all laws of the state of Ohio. The juvenile court found that appellant's new conduct constituted a criminal offense. As a result, appellant failed to comply with the conditions of his probation.
We decline to adopt appellant's proposition that Juv.R. 35(B) requires additional notification prior to an adjudicatory hearing on a new charge.[3] Instead, we find that Juv.R. 35(B) sets forth the procedural requirements to be followed where a juvenile's probation is revoked. Prehearing notice is not one of those requirements.
In addition, we also note that appellant was present with counsel; that although the issue of notice was raised, no continuance was requested; that no impediment was claimed other than the lack of notice; and that appellant and his counsel were "apprised" at the time of the dispositional hearing of the specifics of the revocation. Thus, the juvenile court complied with the necessary due process requirements.
Appellant further argues that because no motion for revocation of probation had been filed, the only issue before the juvenile court was the adjudication and disposition of the alleged charge. We find this assignment to be without merit for all of the previously mentioned reasons. Pursuant to R.C. 2151.355(A)(12), the juvenile court may, after a child is adjudicated delinquent, "[m]ake any further disposition that the court finds proper," subject to limited exceptions which are not applicable to the present case.[4]
For the foregoing reasons, appellant's assignment of error is without merit. The judgment of the juvenile court is affirmed.
 __________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., MAHONEY, J., (JOSEPH), Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] We appreciate the fact that, at that moment, counsel did not realize that a request for revocation was about to be made. Nevertheless, there is no issue whether or not counsel knew appellant was, indeed, on probation.
[2] The docket reveals that a pretrial had been scheduled, but was continued to the day of the trial. The record does not reflect if that pretrial ever took place, or if it did, what transpired.
[3] See In the Matter of Cottrill (June 25, 1998), Ross App. No. 97 CA2355, unreported, 1998 Ohio App. LEXIS 2975 (holding that the trial court's failure to either provide the appellant with explicit advance notice that the hearing also constituted his parole revocation hearing or provide him a separate parole revocation hearing did not constitute plain error). Distinguish In the Matter of Nathan N. (Aug. 9, 1996), Ottawa App. No. OT-95-060, unreported, 1996 Ohio App. LEXIS 3326 (holding that a person lacks sufficient notice when he appears in court without counsel to have a warrant withdrawn and the trial court subsequently goes forward with a probation revocation hearing).
[4] The General Assembly has since amended R.C. 2151.355, effective January 1, 1999. Subsection (A)(12) is now subsection (A)(22).