OPINION
Defendant-appellant Derrick Blackington appeals from a judgment rendered by the Belmont County Common Pleas Court, Juvenile Division, finding him to be a delinquent child. For the following reasons, the judgment of the trial court is reversed and this cause is remanded.
 STATEMENT OF THE FACTS
On March 3, 1999, appellee charged appellant with one count of disorderly conduct in violation of R.C. 2917.11 and one count of resisting arrest in violation of R.C. 2921.33(A). The charges arose out of a fight that occurred at a basketball game in the Martins Ferry High School gymnasium. Appellant, along with his mother, signed a document indicating that he waived his right to counsel. He then denied both counts against him.
Appellant, who was 16 years old, represented himself at trial. He was found guilty on both counts. He was fined $50 on the first count. On the second count, he was ordered to complete 50 hours of community service and counseling for anger management. He was also sentenced to 90 days in a juvenile detention center, which was suspended on the condition that he complete the anger management counseling and the community service. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE APPELLANT WAIVED COUNSEL AS HIS FAMILY COULD NOT AFFORD AN ATTORNEY AND APPELLANT DID NOT UNDERSTAND THAT COUNSEL COULD HAVE BEEN APPOINTED AT NO COST."
The waiver of counsel signed by appellant and his mother stated:
 "The undersigned person, interested parties in the within cause, having appeared in open Court and having been advised of the nature of the facts set forth in the complaint filed herein, of our right to consult with counsel prior to having the within cause considered further by the Court at this time, and of our right to have the within cause continued in order that counsel can be consulted, and if we are found to be indigent by the Court as provided by law to have counsel appointed for assistance in this cause at public expense, and having been advised of our rights under the Constitution of the United States of America, the Constitution of the State of Ohio and the provisions of Chapter 2151 of the Revised Code, being the Juvenile Court Act. (Sic).
 We do hereby indicate in open court that we wish to waive our right to be represented by counsel at all stages of the adjudicatory and dispositional hearings and to have counsel appointed to assist us and wish to have the within cause be considered by the court at this time."
Appellant contends that neither he nor his mother understood the meaning of this waiver, which they nonetheless signed.[1] Appellant avers that he could not afford an attorney. He argues that he did not know that, under such circumstances, counsel would be provided at the state's expense. As such, appellant claims that he did not make an intelligent waiver of his right to counsel.
 LAW AND ANALYSIS
Juveniles are permitted to waive their right to counsel in most proceedings. See Juv.R. 3. However, before accepting such waiver, the trial court must inquire as to whether the juvenile is voluntarily, knowingly and intelligently relinquishing a fully known right. In reGault (1967), 387 U.S. 1, 42.
A pretrial conference was held on May 6, 1999. At the conference, the trial court asked whether appellant still desired to proceed without an attorney. Appellant indicated that he did. During this hearing the trial court did not advise appellant that he had a right to an attorney at no expense if he could not afford one. In fact, the trial court told appellant that this was his last chance to obtain counsel. It warned that if he came to trial without an attorney, and asked for one at that point, his request would be denied. (Tr. 3). This was a blatant misstatement of the law. See Juv.R. 29(B)(5), infra.
Moreover, at trial, the court did not advise appellant that, if he desired, counsel would be appointed at the state's expense. Instead, the trial court reminded appellant that on two previous occasions, he waived his right to an attorney. It stated, "* * * I am assuming that that is continuing today." (Tr. 4). Appellant responded, "yes." (Tr. 4).
On several occasions at trial, appellant's mother informed the court that, while appellant desired counsel, he did not have an attorney because she could not afford to pay one. One instance occurred when appellant was given the opportunity to cross-examine a police officer who witnessed the fight. Appellant's mother attempted to assist him. The prosecutor objected to this assistance. Appellant's mother explained, "[w]ell, I can't afford an attorney. That's why I'm here right now." (Tr. 9). Another instance occurred after appellant unsuccessfully sought to admit a video tape of the incident. After the trial court refused to allow the evidence to be admitted, it asked whether appellant had anything further. Appellant's mother stated, "[t]his is my child, am I not allowed to represent him? I'm representing him that I can't afford an attorney." (Tr. 19). The trial court advised her that "[o]nly if you are an attorney can you represent him." (Tr. 19). Finally, appellant's mother stated, "[o]bviously I should have gotten a lawyer. That's not his fault." (Tr. 23). At no time did the trial court inform appellant or his mother that counsel could be provided at the state's expense.
It is clear from the record that appellant did not voluntarily, knowingly and intelligently waive his right to a court-appointed attorney. While he was informed that he had a right to counsel, the trial court did not explain that if he could not afford an attorney, the state would bear the expense. The only instance in which he was advised of such a right was in the waiver of counsel form that he signed. The United States Constitution, however, requires more. The Constitution grants juveniles facing possible commitment the right to counsel and appointed counsel if indigent. Gault, supra at 41. R.C. 2151.352 provides in part, "[i]f a party appears without counsel, the court shall ascertain whether he knows of his right to counsel and of his right to be provided with counsel if he is an indigent person." In In re Nation (1989),61 Ohio App.3d 763, 765, the court held:
 "* * * in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *"
Moreover, at the commencement of an adjudicatory hearing, Juv.R. 29(B) requires the trial court to:
 "(3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv.R.4(A) who does not waive the right to counsel;
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon request, to have a record of all proceedings made, at public expense if indigent."
This court has held that the rights dialogue of Juv.R. 29(B) is mandatory and a trial court commits reversible error in failing to advise a juvenile of these constitutional protections. In re Royal (1999),132 Ohio App.3d 496, 502-03. While appellant may have been aware that he had a right to an attorney, it is clear that he was not aware that he had a right to an attorney at the state's expense. The trial court failed to inform him of his right at the preliminary hearing and at trial. Nevertheless, appellee contends that we must presume that appellant was advised of this right at his initial appearance. The record does not contain a transcript of the initial appearance. Appellee explains that the tape recorder failed to work properly. Moreover, appellee argues that Juv.R. 37(A) only requires a record of adjudicatory and dispositional proceedings. Because there is no transcript of the initial appearance, appellee urges this court to presume regularity in the proceedings. However, we only engage in such a presumption of regularity where the record lacks evidence of irregularity. State v. Kyser (Aug. 10, 2000), Mahoning App. No. 98CA144, unreported, citing City of Columbus v. Carter
(Dec. 31, 1991), Franklin App. No. 91AP-846, unreported. As we have noted, the record reflects irregularity in the waiver form, at the preliminary hearing and at trial. Therefore, we will not presume that, at the initial appearance, appellant was advised of his right to an attorney at the state's expense. Conversely, we find that the trial court did not advise appellant of this right. Such a failure on the part of the trial court was a violation of appellant's due process rights under the United States Constitution. Gault, supra at 41-42. As such, appellant's sole assignment of error is found to have merit.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for proceedings according to law and consistent with this court's opinion.
[1] We note that the waiver form used by the trial court to apprize appellant of his right to counsel could have been more suitably crafted. It consisted of two sentences. The first sentence, which was apparently included to advise appellant of his rights, contains 134 words and consists of numerous subordinate clauses. Given appellant's age and the complexity of the language used, appellant's claim that he did not understand the waiver is reasonable.