OPINION
Appellant, Robert W. Bretz, appeals from the May 23, 2000 judgment entry of the Ravenna Municipal Court, wherein he was found guilty of violations of former R.C. 4511.19(A)(1), driving under the influence of alcohol, and R.C. 4511.25, a marked lanes violation.
Appellant was stopped by Deputy Mike Wilson ("Wilson") of the Portage County Sheriff's Department at approximately 3:00 a.m., on February 13, 2000. Wilson had observed appellant weaving left of center and right of the white edge line. When Wilson spoke with appellant after stopping him, he noticed a strong odor of alcohol on appellant's breath. He also observed that appellant's eyes were glassy and bloodshot and that he was slurring his speech. Based upon these observations, Wilson asked appellant to perform several field sobriety tests, which he failed. Wilson then arrested appellant for driving under the influence. Appellant subsequently refused to take a breath-alcohol-concentration test.
A suppression hearing and a trial were held on May 23, 2000.[1] As noted above, appellant was found guilty of driving under the influence and a marked lanes violation in a May 23, 2000 judgment entry. His motion to suppress was overruled in a June 19, 2000 judgment entry. Appellant has filed a timely appeal and raises the following assignment of error:
 "The trial court erred in not ruling on appellant's motion to suppress prior to his trial."
 Appellant contends that the trial court tried him without ruling on his motion to suppress. Generally, when a court fails to rule on a motion or objection, the motion or objection is implicitly overruled. Solon v. Solon Baptist Temple, Inc. (1982), 8 Ohio App.3d 347, 351-352. However, Crim.R. 12(E) provides that motions to suppress shall be determined before trial. State v. Matheny (Dec. 15, 1995), Delaware App. No. 95CAC03017, unreported, at 6, 1995 WL 776031. Therefore, a court errs when it fails to rule upon a motion to suppress (or any other pretrial motion) prior to trial. State v. Tolbert (1990), 70 Ohio App.3d 372, 388.
In the instant case, however, we are unable to determine whether the trial court issued a verbal ruling on appellant's motion to suppress prior to trial, because appellant has provided us with neither a complete copy of the trial transcript, nor an agreed statement in lieu of a trial transcript. State v. Davis
(Dec. 4, 1998), Portage App. No. 97-P-0111, unreported, at 1, 1998 WL 964585 ("[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment"); In re Royal (1999), 132 Ohio App.3d 496,506 ("we normally presume regularity in lower court proceedings in the absence of a transcript * * *"); Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.[2] Therefore, appellant's assignment of error is not well-taken and the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.
 _____________________ JUDGE DONALD R. FORD
O'NEILL, P.J., GRENDELL, J., concur.
[1] Appellant waived his right to counsel prior to trial.
[2] In lieu of a complete copy of the transcript, appellant has provided the first five pages. In the portion of the transcript provided to this court, the trial court asked appellant if his motion to suppress concerned the issue of probable cause to arrest. So appellant's motion to suppress was clearly before the trial court on May 23, 2000. However, whether the trial court actually ruled upon the motion prior to trial cannot be determined in the absence of a transcript.