THE MATTER OF JOURNAL ENTRY and OPINION
Appellant Harold Pearl appeals from the order of the juvenile court that found him to be in violation of his probation and committed him to the custody of the Ohio Department of Youth Services (ODYS).
Appellant challenges the order on two bases. He asserts his motion to dismiss the juvenile court proceeding was improperly denied, contending the record demonstrates inadequate compliance with notice requirements. He also asserts the juvenile court erred in failing to appoint for him a guardian ad litem prior to conducting the proceeding. Following an examination of the record, this court disagrees with appellant's assertions. The juvenile court's order, therefore, is affirmed.
On June 22, 1999 a complaint was filed in the Cuyahoga County Juvenile Court against the fourteen-year-old appellant. It alleged appellant was delinquent by reason of having committed an act which, if committed by an adult, would constitute the offense of felonious assault in violation of R.C. 2903.11(A)(2).
On August 17, 1999 the juvenile court conducted a preliminary hearing on the instant matter and on another complaint that had been filed against appellant. At that time, appellant requested the appointment of counsel to represent him. The juvenile court acceded to his request, entered a denial for appellant in the instant case, placed him on home detention, and continued the matters.
On October 19, 1999 appellant's cases again were considered since an additional complaint against him had been filed. The juvenile court indicated it would set the instant matter for trial and, in the interim, continue appellant's home detention.
In November, 1999 appellant's home detention officer filed a motion in the juvenile court seeking an order for appellant to be taken into custody and placed in secure detention. The motion was based upon appellant's suspension from the public school he had been attending. On November 30, 1999 the juvenile court granted the motion.
On January 11, 2000 the trial court conducted an adjudicatory hearing in the instant case and one other case in which appellant had been charged. The juvenile court heard the testimony of three police officers and the victim in the instant case. The victim, appellant's pregnant next-door neighbor, testified appellant had thrown a large rock at her from his upstairs window that had struck her in the abdomen with enough force to leave a mark on her skin.
At the conclusion of the testimony, the juvenile court found appellant to be delinquent. It indicated that until appellant's remaining case was adjudicated and a comprehensive dispositional hearing could be scheduled, appellant's placement at the detention center would continue.
On February 17, 2000 the juvenile court issued an order setting the instant case for a dispositional hearing on April 13, 2000.
On that date, acting through a magistrate, the juvenile court conducted both its adjudicatory hearing on the remaining case and its dispositional hearing concerning all the matters. During the dispositional portion of the proceeding, the magistrate requested appellant's probation officer to speak.
Appellant's probation officer proceeded to relay an account of her conversations with both appellant and his mother. She described appellant's mother as a concerned parent who was attempting to balance her son's need for medication with his aversion to his medication's side effects. She indicated appellant had been forthright in admitting both that he occasionally used marijuana and that he often had school attendance problems.
In conclusion, the probation officer stated her department's recommendation with regard to appellant's case was as follows:
 * * * [appellant] receive a commitment to the Ohio Department of Youth Services, suspend that commitment and place him on [indefinite] probation, with the terms and conditions that he participate in MST programs, Multi-Systemic Therapy programs. That he incorporate into the anger management program. That he receive random urine screens to help deter his marijuana usage, and hopefully he won't use at all. For the ongoing probation officer to hopefully get him a respite worker, slash, mentor for evening and weekend outings with a male role model, and that he receive twenty-five (25) hours of community service in lieu of Court costs.
The magistrate agreed with the recommendation. He entered an order to that effect, which was dated the day of the hearing and subsequently was signed by the juvenile court on April 18, 2000. The judgment entry ultimately was journalized on April 21, 2000. The journal entry concludes with the following sentence:
 The parties were informed of the right to appeal to the assigned judge within ten (10) days of the entry of this order.
On October 10, 2000 appellant's new probation officer filed in the juvenile court a motion seeking a finding that appellant had failed to comply with the conditions of his probation. The motion stated:
 Now appears probation officer — Manny Salvadore, — this — 10th — day of October, 2000 and respectfully moves this Court to find the above named child to be in violation of the Court Order issued by this Court on — 8-17-99 (sic), in this case wherein this Court ordered the following: ODYS Suspended Commitment, 25 hours Community Service, Random Urine Screens, MST, Anger Management, Referral to CCDCFS, Probation and the Day Treatment Program. Said Child failed to comply with probation rules set before him. Youth has been noncompliant in the Day Treatment Program. He has refused to follow directives at the Center, leading to this violation.
On November 6, 2000 the juvenile court held a preliminary hearing on the matter. Appellant's counsel waive[d] any defect in service of the motion and entered a denial of the charge on appellant's behalf. Appellant's mother then addressed the court; she complained that although when [she] was [in court] in April, when [appellant] was sentenced before Magistrate Thal, [the magistrate] ordered Children and Family Services * * * out, no one from that agency currently was working with them. The juvenile court assured appellant's mother the matter would be addressed.
Thereafter, the juvenile court issued the following journal entry:
 This matter came on for hearing this 6th day of November 2000 * * * upon the motion for violation of court order filed by Probation Officer Manny Salvador (sic). The Court finds that notice requirements have been met and that all necessary parties were present this day in court.
 Motion was read in open court. The Court explained legal rights, procedures, and possible consequences of the hearing pursuant to Juvenile Rule 29 and Ohio Revised Code Section 2151.35. The child entered a denial to the violation of court order. The child is remanded to the detention center.
 CCDCFS is to conduct an investigation of the child's home situation.
 Matter is continued to 11-29-2000 at 9:00 a.m. for adjudication on violation of court order.
The adjudicatory hearing on the probation officer's motion proceeded as scheduled. At the outset of the hearing, however, appellant's counsel now sought a dismissal of the motion.
Counsel argued the motion was defective for its citation to the date of August 17, 1999. The juvenile court disagreed, stating for the record the motion was amended to reflect the correct date of the court's dispositional order, viz., 4-13-2000. The juvenile court also declined to credit counsel's further argument that appellant never received that order since the probation officer produced appellant's signed probation contract. The juvenile court then heard the testimony of three witnesses before making a finding that appellant had violated his probation.
Proceeding to disposition, the juvenile court ordered appellant committed to the custody of ODYS for a minimum period of one year up to a maximum period not to exceed appellant's attainment of the age of twenty-one.
In compliance with In re Anderson (2001), 92 Ohio St.3d 63, appellant has filed his appeal from the foregoing order. The first of appellant's two assignments of error states:
THE COURT ERRED IN FAILING TO DISMISS THE MOTION.
Appellant argues the juvenile court's denial of his motion to dismiss the adjudicatory proceeding was improper. Appellant first contends the amendment of the probation officer's motion for violation of court order to reflect a court order date of April 13, 2000 did not cure its defect since the order of probation was not journalized until April 21, 2000. Appellant further contends the juvenile court failed to comply with the juvenile rules in issuing the original probation order; thus, his motion to dismiss the probation violation proceeding should have been granted. Appellant's arguments are unpersuasive.
Juv.R. 35(B) provides:
 (B) Revocation of probation. The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall have the right to counsel and the right to appointed counsel where entitled pursuant to Juv.R.
 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv.R. 34(C), been notified.
While the foregoing rule recognizes a juvenile's due process rights, it does not specify what constitutes compliance with those protections. In re Royal (1999), 132 Ohio App.3d 496. Appellant simply must be apprised of the grounds that support such an action.
Appellant can cite no authority which states a motion to revoke probation must state with precision the date of the original dispositional order granting probation. See In re Schreiber (Sept. 30, 1999), Ashtabula App. No. 98-A-0039, unreported. Indeed, Juv.R. 22(B) permits amendments of pleadings after the commencement of adjudicatory hearings.
The record reflects that the probation officer's motion, although it referenced the date of an earlier journal entry, stated each of the terms of the dispositional order of probation. Both appellant's counsel and appellant's mother appeared at the preliminary hearing on the probation officer's motion; neither expressed any confusion as to either the appropriateness of the proceeding or the legitimacy of the motion. In re Hall (Apr. 1, 1991), Preble App. No. CA90-11-021, unreported; cf., In the Matter of Caruso (May 17, 1991), Lucas App. No. L-90-250, unreported.
Based upon the record, this court cannot fault the juvenile court for amending the probation officer's motion for revocation of probation to reflect the date the original dispositional hearing was conducted. Furthermore, since the motion was not defective on the basis of its reference to a different journal entry, the date upon which the juvenile court settled also does not constitute a ground for reversal. In re Smith (Mar. 15, 2001), Cuyahoga App. No. 77905, unreported.
Appellant's additional contention regarding whether the juvenile court adequately complied with the applicable rules in issuing its original order of disposition is problematic since no notice of appeal was filed from that final order. App.R. 4(A) and (B)(2).
To the extent this court has the jurisdiction to consider appellant's argument, the record reflects the original order of disposition in this case was entered by the magistrate on the scheduled date of the hearing, viz., April 13, 2000. As he had at the hearing, the magistrate set forth in the order each condition of appellant's probation. The magistrate also notified the parties they had a window of opportunity within which to file objections to the entry; however, no objections were filed.
Pursuant to Juv.R. 34(C), the juvenile court was required to enter a disposition of appellant's case within seven days of the hearing. It did so on April 18, 2000. Although the entry was not journalized until April 21, 2000, the one-day-late filing for journalization did not affect the juvenile court's jurisdiction. In re Galloway (1991), 77 Ohio App.3d 61. Furthermore, pursuant to Juv.R. 40(E)(4)(a) and (c), in the absence of any objections, the dispositional entry became effective on that day.
A review of the record thus demonstrates no legitimate ground upon which to dismiss the probation revocation proceeding against appellant.
Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
THE COURT ERRED IN FAILING TO APPOINT A GUARDIAN AD LITEM.
Appellant argues the juvenile court sua sponte should have appointed a guardian ad litem in this case pursuant to Juv.R. 4(B). This assertion cannot be credited.
The record reflects that from the inception of the delinquency proceedings against him in this case, appellant was afforded appointed counsel to represent his legal interests. This court previously has expressed trepidation in making a blind distinction between a child's best interests and a child's legal interests. In re Smith, supra.
Moreover, in this case, appellant's mother demonstrated a loyal advocacy on behalf of appellant, perhaps to her own detriment, thus undermining appellant's claim of conflicts in the proceedings between his mother's interests and his own.
Under these circumstances, the juvenile court clearly did not abuse its discretion in failing sua sponte to appoint a guardian ad litem for appellant. Id.; cf., In re Sappington (1997), 123 Ohio App.3d 448.
Accordingly, appellant's second assignment of error also is overruled.
The juvenile court's order is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and PATRICIA A. BLACKMON, J. CONCUR