This delayed appeal arises from a judgment of the Mahoning County Court of Common Pleas, Juvenile Division, revoking Appellant's probation for a previous juvenile delinquency adjudication. For the following reasons, and because both the Appellant and the Appellee agree as to the proper outcome of this appeal, we reverse the trial court's judgment and remand this case for further proceedings.
Throughout all the events and proceedings leading up to this appeal, Appellant was a juvenile.
On November 3, 1999, Appellant Donald Mulholland, was adjudicated delinquent in two cases involving theft in violation of R.C. § 2913.02, a fifth degree felony if committed by an adult, and aggravated robbery in violation of R.C. § 2911.01, a first degree felony if committed by an adult. These cases were prosecuted in the Mahoning County Court of Common Pleas, Juvenile Division, and were designated as Case Nos. 99 JA 1228 (dealing with the theft charge) and 99 JA 1229 (dealing with the aggravated robbery charge). In a December 15, 1999, judgment entry, Appellant was sentenced to commitment to the Department of Youth Services ("DYS") for six months on the theft charge and three years on the aggravated robbery charge. Both sentences were suspended and Appellant was placed on probation.
On October 20, 2000, Appellant was adjudicated delinquent on one count of breaking and entering in violation of R.C. § 2911.13, a fifth degree felony if committed by an adult, and one count of criminal damaging in violation of R.C. § 2909.06, a second degree misdemeanor if committed by an adult. (10/26/00 J.E.). These charges were prosecuted under Case No. 00 JA 1347.
The dispositional hearing in Case No. 00 JA 1347 was begun on November 14, 2000, and eventually concluded, after a number of continuances, on December 20, 2000. Additionally, Appellant was adjudicated delinquent on new charges of menacing at the November 14, 2000, hearing. These menacing charges were prosecuted under Case. No. 00 JA 2013.
On December 20, 2000, Appellant was sentenced to DYS for six months on count one (breaking and entering) in Case No. 00 JA 1347. (12/21/00 J.E.) The sentence was suspended in lieu of residential treatment at Northeast Ohio Regional Center for Adolescent Treatment ("N.O.R.C.A.T.") in Niles, Ohio. Appellant was sentenced to 90 days of detention on count two (criminal damaging) in Case No. 00 JA 1347. Appellant was also sentenced to 180 days of detention on Case. No. 00 JA 2013, with the sentence suspended in lieu of admission to N.O.R.C.A.T.
On January 17, 2001, a Complaint for Violation of Probation was filed against Appellant in Case No. 00 JA 1347. The complaint alleged that Appellant violated his probation by walking away from N.O.R.C.A.T. without getting prior permission from the court. A hearing on the probation violation was held before a magistrate that same day. Appellant and his mother signed a waiver of right to recorded hearing, a waiver of right to speedy trial, and a waiver of counsel. On the waiver of counsel form, Appellant also put a checkmark in the space indicating that he was pleading guilty to the charge.
The magistrate accepted Appellant's guilty plea and set the dispositional hearing to be held before a magistrate on January 22, 2001. At the hearing, the magistrate ordered that Appellant's six-month suspended sentence in Case. No. 00 JA 1347 be reimposed. (1/22/01 Tr., 8). The magistrate also found Appellant guilty of a probation violation in Case No. 99 JA 1228, and ordered that his six-month suspended sentence in that case be reimposed, to be served consecutively to the sentence in Case No. 00 JA 1347. (1/22/01 Tr., 8-9). The decision to revoke probation in Case No. 99 JA 1228 appears to have been a sua sponte order of the magistrate, because the record does not indicate that Appellant was ever charged with a probation violation in Case. No. 99 JA 1228. The Court of Common Pleas, Juvenile Division, adopted the magistrate's decision on January 24, 2001.
Appellant filed this delayed appeal on June 6, 2001. This Court granted leave to file a delayed appeal on July 25, 2001.
Appellant and Appellee agree that the third assignment of error is dispositive of this appeal. Appellant's third assignment of error asserts:
 THE TRIAL COURT VIOLATED DONALD MULHOLLAND'S RIGHT TO COUNSEL UNDER THE DUE PROCESS CLAUSE OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION, R.C. 2151.352, AND JUV.R. 4, AND JUV.R. 29 WHEN IT FAILED TO MAKE A RECORD IN VIOLATION OF JUV.R. 37 AND JUV.R. 40 (A-3)(A-6)(A-25)(A-26) (Tr.3, p. 2-10).
Appellant contends that a juvenile has a right to the assistance of counsel during delinquency proceedings. Appellant argues that this right is both statutory and constitutional, citing R.C. 2151.352, Juv.R. 4 and 29, In reGault (1967), 387 U.S. 1, and In re Agler (1969), 19 Ohio St.2d 70.
Appellant points out that Juv.R. 35(B) specifically grants a juvenile the right to assistance of counsel as part of probation revocation proceedings:
"(B) Revocation of probation
"The court shall not revoke probation except after a hearing at which the child shall be present and apprised of the grounds on which revocation is proposed. The parties shall havethe right to counsel and the right to appointed counsel where entitled pursuant to Juv. R. 4(A). Probation shall not be revoked except upon a finding that the child has violated a condition of probation of which the child had, pursuant to Juv. R. 34(C), been notified." (Emphasis added.)
Appellant contends that the only evidence in the record tending to support a finding that he waived his right to counsel in Case No. 00 JA 1347 is a checkmark on a preprinted "waiver of counsel" form signed by himself and his mother. Appellant asserts that there is no evidence at all of any waiver of the right to counsel in the probation revocation hearing involving Case No. 99 JA 1228. Furthermore, Appellant argues that the January 18, 2001, Magistrate's Order, in which Appellant was found guilty of the probation violation in Case No. 00 JA 1347, states that he did not waive his right to assistance of counsel:
"2. Subject child, after first being advised of all procedural and constitutional rights, including the right to counsel and a continuance herein, asserts said rights and ADMITS the allegation as it appears in the complaint." (Emphasis added.)
Appellant argues that a trial court may only accept a waiver of the right to counsel after it makes a, "sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right."State v. Gibson (1976), 45 Ohio St.2d 366, paragraph two of syllabus. Appellant argues that the record does not and cannot support a finding that the trial court made a sufficient inquiry into the waiver of counsel because the court failed to make a record of the January 17, 2001, hearing. Appellant asserts that, in spite of his waiver of the right to have the hearing recorded, the court was required by Juv.R. 37(A) and 40(D)(2) to record the hearing. Appellant concludes that any alleged waiver of counsel is not supported by the record and that the January 24, 2001, Judgment Entry should be vacated.
Appellee agrees that there were errors committed in the revocation of Appellant's probation in both Case No. 99 JA 1228 and Case No. 00 JA 1347. First, Appellee argues that Appellant had no prior notice of probation revocation proceedings in Case No. 99 JA 1228, as required by Juv.R. 35. The record confirms Appellee's argument.
Second, Appellee agrees that the preprinted waiver of counsel form is insufficient, in and of itself, to support a determination that Appellant properly waived his right to counsel. Appellee cites to this Court's recent holding in In re Royal
(1999), 132 Ohio App.3d 496: "A waiver form is not a valid substitute for the court's duty to personally address the juvenile." Id. at 505. The pertinent facts surrounding In reRoyal are almost identical to the facts of the matter now under review. In re Royal involved a probation revocation hearing in a juvenile delinquency case, held before a magistrate, in which the juvenile and his mother signed a preprinted "waiver of counsel" form. There was nothing else in the record indicating that a meaningful dialogue had taken place between the court and juvenile regarding the waiver of the right to counsel. Our holding in Inre Royal is patently applicable to the facts of the matter before us.
Based on the arguments of both parties in this case, we sustain Appellant's third assignment of error. There is no evidence that Appellant was properly notified that he was being prosecuted for a probation violation in Case No. 99 JA 1228, and no evidence that he waived his right to counsel during those proceedings. Both of these rights are established by Juv.R. 35(B). See In re Royal, supra, at 508. Furthermore, as we held in In re Royal, a mere checkmark on a preprinted "waiver of counsel" form, by itself, is insufficient to establish that a meaningful dialogue has taken place establishing a knowing, voluntary and intelligent waiver of the right to counsel. Id. at 505. Therefore, there is insufficient support in the record that Appellant properly waived his right to counsel in Case No. 00 JA 1347 as well.
For these reasons, we reverse the January 24, 2001, Judgment Entry of the Mahoning County Court of Common Pleas, Juvenile Division, which adopted the January 24, 2001 Magistrate's Decision and remand this case for further proceedings according to law and consistent with this Opinion.
Donofrio and DeGenaro, JJ., concur.