{¶ 1} Appellant A.H.[1] appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division, that, upon entry of his admission to the charge, adjudicated him delinquent for having committed the offense of gross sexual imposition and ordered him committed to the custody of the Ohio Department of Youth Services ("ODYS").
 {¶ 2} Appellant claims the juvenile court's acceptance of his admission must be reversed on the basis the court failed to comply with the requirements of Juv. R. 29(D)(1). A review of the record compels this court to agree the juvenile court fell short of its duty to ensure appellant fully understood the consequences of his admission; therefore, the juvenile court's order is reversed. This case is remanded for further proceedings.
 {¶ 3} Appellant came before the juvenile court in this case on a complaint that he had committed the offense of rape on March 20, 2001. Appellant was fifteen years old at that time. Since he could not immediately be located, he did not appear for a preliminary hearing until February 8, 2002. Through appointed counsel, appellant initially entered a denial of the allegation.
 {¶ 4} The juvenile court placed appellant into secure detention pending the adjudicatory hearing. Case notes in his file indicate appellant previously had been in the custody of the ODYS on an adjudication that he had committed the offense of attempted robbery; it appeared he had committed the instant offense during his subsequent placement into a "group home" for boys. Upon being released on "parole" from that facility before the current charge had been filed, he had "disappeared" for a time and had failed to attend school.
 {¶ 5} Appellant's adjudicatory hearing commenced on March 22, 2002. The prosecutor informed the juvenile court that, after discussion with appellant's counsel, a plea agreement had been reached. In exchange for the state's amendment of the complaint to allege the lesser-included offense of gross sexual imposition, appellant would enter an admission. Appellant's counsel acknowledged the prosecutor's statement was correct.
 {¶ 6} The trial court thereupon addressed appellant. It informed him of the rights he was waiving in entering an admission to the amended charge. Appellant indicated he understood, and that he had received no promises with regard to the admission. At that point in the proceeding, the following exchange between appellant and the juvenile court took place:
 {¶ 7} "THE COURT: Are you aware of the fact that this has been charged — has been amended to a felony of the 3rd degree and as such carries with it as a possible consequence commitment to the Ohio Department of Youth Services for a minimum term of six months?
 {¶ 8} [APPELLANT]: Yes.
 {¶ 9} THE COURT: You're aware of that?
 {¶ 10} [APPELLANT]: Yes, sir.
 {¶ 11} THE COURT: And with what I have told you in mind, do you agree with your attorney [that you] in fact admit to the offense of gross sexual imposition, a felony of the 3rd degree?
 {¶ 12} [APPELLANT]: Yes, sir.
 {¶ 13} THE COURT: The court will accept the admission and make an adjudication."
 {¶ 14} After hearing from appellant's probation officer, defense counsel, and the prosecutor regarding their recommendations for appellant's disposition, the juvenile court declared it would "adopt the recommendation of the probation officer." It ordered appellant committed to the custody of the ODYS "for a minimum term of six months or until [his] 21st birthday." It further ordered that appellant be placed into a "sex offender's treatment program," with appellant's "release" determined upon his participation and behavior in that program.
 {¶ 15} Appellant's appeal of the foregoing order of adjudication and disposition presents the following assignment of error:
 {¶ 16} "The trial court failed to inform the appellant of the `consequences of the admission' in violation of Juv. R. 29(D)(1) and the Fourteenth Amendment of the U.S. Constitution."
 {¶ 17} Appellant argues the juvenile court's colloquy with him was inadequate to comply with one of the requirements set forth in Juv. R. 29(D). Appellant contends the juvenile court failed to determine he fully understood the consequences of his admission, since it did not inform him of the maximum potential term of commitment available. Based upon prior decisions, this court is constrained to agree.
 {¶ 18} Juv. R. 29(D)(1) prohibits the juvenile court from accepting an admission until three conditions are met. While addressing the party personally, the juvenile court must determine that "the party is making the admission voluntarily," which means the party understands both "the nature of the allegations and the consequences of the admissions."[2]
 {¶ 19} This court previously has held "strict compliance with Juv. R. 29(D) is not required." In the Matter of Holcomb,147 Ohio App.3d 31, 2002-Ohio-2042. Nevertheless, this appellate district's definition of "substantial" compliance has been more rigorous than that of other appellate districts. In the Matter of Wiley (Feb. 20, 1998), Greene App. No. 97 CA 99, citing In re Flynn (1995),101 Ohio App.3d 778. See also, In re West (1998), 128 Ohio App.3d 356.
 {¶ 20} Thus, "commitment to ODYS for a period of several years is a significant enough consequence to warrant mention by the trial court."In the Matter of Keck (Aug. 14, 1997), Cuyahoga App. No. 71074. This court unequivocally pronounced that "there is no compliance with Juv. R. 29(D)(1) when the trial court* * * fails to personally inform a juvenile
defendant of the potential penalties associated with the offense." Id.
(Emphasis added.)
 {¶ 21} In Keck, this court further considered whether the defendant had shown "prejudice" from the juvenile court's failure to inform him of the consequences of his admissions. This court determined Keck had not made this demonstration, because in entering an admission, he thereby avoided prosecution as an adult. The juvenile court had not informed Keck specifically about the terms of juvenile detention, but nevertheless during the lengthy colloquy had informed him of the potential adult criminal terms of incarceration that were involved in the charges against him. This court decided Keck's choice to enter admissions as a "juvenile" so he could avoid those penalties, therefore, had been made "knowingly."
 {¶ 22} However, this case presents a different situation. Appellant herein did not enter his admission to avoid prosecution as an adult, and he was not informed of any maximum penalty faced in entering his admission to the offense as amended. Although the record reflects appellant previously had experience in juvenile court, he was only sixteen at the time of the hearing, and the proceeding was conducted in an abrupt manner. It thus remains unclear whether appellant subjectively understood the "consequences" of his admission. Under such circumstances, this court has declined to find the juvenile court substantially complied with its Juv. R. 29(D)(1) obligation. In re Holcomb, supra, citing In reHendrickson (1996), 114 Ohio App.3d 290 at 293; cf., In the Matter ofSpann (June 3, 1999), Franklin App. No. 98AP-839.
 {¶ 23} For the foregoing reasons, appellant's assignment of error is sustained.
 {¶ 24} The juvenile court's order of adjudication and disposition is reversed. This case is remanded for further proceedings.
JAMES J. SWEENEY, J. and TIMOTHY E. McMONAGLE, J. concur.
[1] In accordance with this court's policy, the minor appellant is referred to only by his initials in this opinion.
[2] Although the juvenile court did not specifically address the matter, appellant presents no argument he did not understand the "nature of the allegations."