[Cite as *In re J.C.A.*, 2014-Ohio-3879.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN THE MATTER OF:                  :
                                                          CASE NO.   CA2013-10-188
          J.C.A.                              :
                                                          O P I N I O N
                                              :          9/8/2014

                                              :

                                              :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2013-0231


Adolf Olivas, 215 East Ninth Street, Suite 500, Cincinnati, Ohio 45202, Guardian Ad Litem

John D. Treleven, 810 Sycamore Street, 2nd Floor, Cincinnati, Ohio 45202, for appellant

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Rocky Ball, 11 South Broadway Street, Suite 200, Lebanon, Ohio, 45036, for mother

Mike Newland, 30 North D Street, Hamilton, Ohio 45013, for father


**S. POWELL, J.**

{¶ 1}   Appellant, J.C.A., appeals from his disposition in the Butler County Court of Common Pleas, Juvenile Division (Butler County Juvenile Court), after he was adjudicated a delinquent child following his plea to one count of gross sexual imposition in the Belmont

County Common Pleas Court, Juvenile Division (Belmont County Juvenile Court). For the reasons outlined below, we reverse and remand this matter to the Butler County Juvenile Court for further proceedings.

{¶ 2}   On February 5, 2013, J.C.A., who was 17 years old at the time, entered a plea in the Belmont County Juvenile Court admitting to one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth-degree felony if committed by an adult. After accepting his plea, the Belmont County Juvenile Court transferred the matter to the Butler County Juvenile Court for disposition pursuant to Juv.R. 11(A). The Butler County Juvenile Court then held a dispositional hearing on October 9, 2013, wherein the court committed J.C.A. to the Ohio Department of Youth Services for a minimum period of six months. J.C.A. now appeals, raising one assignment of error for review.

{¶ 3} THE TRIAL COURT ERRED TO THE PREJUDICE OF J.C.A. BY IMPROPERLY PROCEEDING WITH DISPOSITION AS QUESTIONS CONCERNING COMPETENCY DURING BOTH ADJUDICATION AND DISPOSITION WERE NOT PROPERLY ADDRESSED BY THE TRIAL COURT.

{¶ 4}   In his single assignment of error, J.C.A. argues his adjudication and disposition must be reversed as there were serious questions regarding his competency that were not properly addressed prior to his adjudication and dispositional hearings. In response, and without any reference to the allegations contained in J.C.A.'s brief, the state concedes error alleging the Belmont County Juvenile Court did not adhere to the requirements of Juv.R. 29(D) before accepting J.C.A.'s plea. After reviewing the record submitted in this matter, we agree with the state.

{¶ 5}   "The juvenile rules are clear that it is the responsibility of the court to directly engage the accused and conduct the necessary inquiry before accepting or rejecting the plea." *In re B.B.*, 7th Dist. Belmont No. 12 BE 18, 2013-Ohio-1958, ¶ 11. To that end, Juv.R.

29(D) provides:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

In other words, Juv.R. 29(D) mandates that before an admission can be accepted:

> the juvenile court judge must be satisfied that the admission is voluntarily made with the understanding of the nature of the allegations and the consequences of the admission and that by entering the admission, the juvenile is waiving the rights to confront witnesses and challenge evidence, to remain silent, and to introduce his own evidence.

*In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 111.

{¶ 6} "The best method for the trial court to comply with Juv.R. 29(D) is to use the language of the rule itself," stopping "after each right and [ask] whether the child understands the right and knows that he is waiving it by entering an admission." *In re Graham*, 147 Ohio App.3d 452, 2002-Ohio-2407, ¶ 11 (7th Dist.). In this case, however, the record clearly indicates the Belmont County Juvenile Court failed to advise J.C.A. about the consequences of his plea as required by Juv.R. 29(D)(1). The record also indicates the Belmont County Juvenile Court failed to inform J.C.A. that by entering an admission to the charge, he was waving: (1) his right to confront witnesses and challenge the evidence against him; (2) his right to remain silent, as well as; (3) his right to introduce his own evidence at the adjudicatory hearing as required by Juv.R. 29(D)(2). The absence of the necessary inquiry under Juv.R. 29(D) is fatal and requires the Belmont County Juvenile Court's decision accepting J.C.A.'s plea be reversed.

{¶ 7} The state requests this case be remanded to the Belmont County Juvenile Court to conduct a new adjudication hearing, thereby effectively vacating the transfer to the Butler County Juvenile Court under Juv.R. 11(A). However, as this court has stated previously, the issue of transfer under Juv.R. 11(A) is one of venue or convenient forum, not jurisdiction. *In re Stacy,* 12th Dist. Butler No. CA83-06-073, 1983 WL 6315, *3 (Nov. 7, 1983). Moreover, as Juv.R. 11(A) explicitly states, once transferred, "[t]he court of the child's residence shall then proceed as if the original complaint had been filed in that court."

{¶ 8} In light of the foregoing, we conclude the Butler County Juvenile Court has jurisdiction and authority to conduct a new adjudication hearing in compliance with Juv.R. 29(D). *See, e.g., In re Austin L.*, 5th Dist. Licking No. 2009-CA-00101, 2010-Ohio-272, ¶ 9 (finding Licking County Juvenile Court had jurisdiction to correct the errors in the adjudicatory phase in compliance with Juv.R. 29(D) after the matter was transferred from Hocking County Juvenile Court under Juv.R. 11(A)). The Butler County Juvenile Court, however, is not required to do so. Rather, pursuant to Juv.R. 11(C), where either the "transferring or receiving court" finds in the interests of justice and convenience to the parties so require, "the adjudicatory hearing shall be held in the county wherein the complaint was filed."

{¶ 9} Therefore, J.C.A.'s single assignment of error is sustained, the judgment of the Belmont County Juvenile Court is reversed, and this matter is remanded to the Butler County Juvenile Court to either: (1) conduct new adjudicatory and dispositional hearings as necessary, or (2), transfer the matter back to the Belmont County Juvenile Court for adjudication pursuant to Juv.R. 11(C). Regardless of which procedure the Butler County Juvenile Court elects, we hold that J.C.A. shall not be precluded from raising any argument in regards to his competency that was not otherwise addressed herein.

{¶ 10} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.